PEOPLE v GRIFKA

1. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MOTIONS.

Failure to commit a defendant to the center for forensic psychia-´ try to determine if he was competent to stand trial was not error where there was no written motion before the court to refer the defendant to the forensic center (MCLA 767.27a; GCR 1963, 786.1).

2. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—COMPULSORY PROCESS.

Failure to inform a defendant of his right to compulsory process for obtaining witnesses prior to acceptance of his plea of guilty was not error where the trial court complied with a then controlling United States Supreme Court decision regarding pleas of guilty and where the new guidelines set forth in the court rules were not yet in effect at the time the plea was taken (GCR 1963, 785.7).

3. HOMICIDE—SECOND-DEGREE MURDER—PLEA OF GUILTY—EXAMINA- TION BY COURT—PLEA BARGAINING—MISCARRIAGE OF JUSTICE.

A defendant cannot complain that the trial court's examination of him at the time of his plea of guilty failed to establish his participation in the crime where the court's examination of defendant established his guilt of felony murder, but where, as a result of plea bargaining, the defendant was allowed to plead guilty to second-degree murder; if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendant and to the detriment of the people, and of such a miscarriage of justice only the people can complain.

Appeal from Oakland, William J. Beer, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 26 et seq.

[2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

mitted Division 2 April 9, 1974, at Lansing. (Docket No. 16713.) Decided May 1, 1974.

Thomas Grifka was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. As a result of a plea bargain defendant pled guilty to the charge of second-degree murder. MCLA 750.317; MSA 28.549. He was sentenced to a term of from 10 to 40 years in prison.

Defendant claims the trial court erred by not committing him to the center for forensic psychiatry, pursuant to MCLA 767.27a; MSA 28.966(11) and GCR 1963, 786, to determine if he was competent to stand trial.

Prior to the defendant pleading guilty he was examined by a psychiatrist, at the request of the prosecutor, to determine his competency to stand trial. The doctor concluded that he was competent and capable of assisting in his defense.

There was no written motion before the court and there was no order of the court referring the defendant to the doctor.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 1963, 786.1 states:

"The issue of a defendant's competence to stand trial as defined in Act No. 266 of the Public Acts of 1966 may be raised at any time before trial by a *written motion* to commit the defendant to the department of Mental Health." (Emphasis supplied.)

As there was not a written motion[1] before the court to refer the defendant to the forensic center, upon which the court could act, the court did not err.

Next defendant claims the trial court erred when it failed to inform him of his right to compulsory process for obtaining witnesses.

The trial court complied with *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). The guidelines set forth in GCR 1963, 785.7 were not in effect at the time the plea was taken.

The first claim of error by the defendant is that the court's examination of the defendant at the time of the plea failed to establish his participation in the crime.

The court's examination of the defendant established his guilt of felony murder. MCLA 750.316; MSA 28.548. As a result of plea bargaining he was allowed to plead guilty to second-degree murder.

As stated in *People v Collins,* 380 Mich 131, 135; 156 NW2d 566 (1968):

"Furthermore, this Court will not regard as the basis for a new trial or reversal of a conviction any procedural error which does not result in a miscarriage of justice. GCR 1963, 529; CL 1948, § 769.26 [MSA 28.1096].

"If there is any miscarriage of justice, under these circumstances it can only be one in which the people of

---

[1] Neither does the record indicate an oral motion to refer the defendant to the center.

the State of Michigan have exacted an insufficient penalty. Putting it another way, if there has been, under these circumstances, a miscarriage of justice, it is a miscarriage which ran to the benefit of the defendants and to the detriment of the people. Of such a miscarriage of justice, only the people can complain."

Affirmed.

All concurred.